UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:18-CR-39-HAB |
| ) | (1:23-CV-29) |
| BRENDAN COLLICOTT ) | |

**OPINION AND ORDER**

Over the course of two days, Defendant Brendan Collicott and his co-defendant, William Washington, robbed four gas stations in Fort Wayne, Indiana. In each robbery, Collicott brandished a firearm and, in three of the robberies, he took cash from the register. In one robbery, the store employee fled and Collicott stole two lighters. Washington served as the driver and lookout for Collicott in two of the robberies.

In the aftermath of the robberies, the Government charged Collicott with four counts of Hobbs Act robbery, 18 U.S.C. §1951 (Counts 1s, 3s, 5s, 7s), and four counts of knowingly brandishing a firearm in connection with those robberies, 18 U.S.C. §924 (c) (Counts 2s, 4s, 6s, and 8s.). (Superseding Indictment, ECF No. 65). After Collicott pled guilty to Counts 4s, 6s, and 8s (ECF No. 171), the Court sentenced him to 252 months' imprisonment, consisting of three 84-month consecutive sentences on each of the §924(c) counts to which he pled guilty. Collicott now asks the Court to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 237, 238). The parties have briefed the motion (ECF Nos. 238, 254, and 255) and it is ripe for consideration.

I.  **Background**

Mentioned above, Collicott pleaded guilty to three of the four §924(c) counts. His plea was memorialized in a plea agreement that also contained a broad appeal waiver. Collicott waived his "right to appeal or to contest my conviction and all components of my sentence or the manner in

which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255." (ECF No. 171, ¶8(i)). At the change of plea hearing, the undersigned conducted the plea colloquy, and found that a sufficient factual basis existed for each offense. After Collicott confirmed under oath that he understood the charges, the penalties, and the rights he was waiving, and affirmed that his plea was voluntary, not the product of coercion or given in exchange for a promise, the court accepted Collicott's guilty pleas on each of the three counts. (ECF No. 175).

Before sentencing, the probation office circulated a presentence investigation report ("PSR"). (ECF No. 202). The probation officer concluded that under U.S.S.G. §2K2.4, the guideline sentence for each of the §924(c) convictions is the statutory term of imprisonment. Defendant's criminal history category was II. Because the § 924(c) convictions carried a mandatory consecutive sentence of 84 months on each count, the effective guidelines range was 252 months. Neither side objected to these calculations and the Court sentenced Collicott to 252 months' imprisonment followed by three years of supervised release.

Collicott asserts various reasons why he believes the Court should vacate his sentence, only one of which is properly considered on the merits. Grounds 1 and 2 directly challenge his conviction and sentence. Ground 1 asserts that his §924(c) conviction in Count 6 was improperly predicated on attempted Hobbs Act robbery as a crime of violence. Ground 2 challenges his indictment and sentencing on multiple §924(c) offenses. In Ground 3, Collicott asserts ineffective assistance of counsel and relates that ineffective assistance to Ground 1 saying, in essence, his lawyer failed to argue that Count 6 was not based on a crime of violence. Because his first two

2

arguments are procedurally defaulted under the appeal waiver in his plea agreement and his ineffective assistance of counsel argument lacks merit, his §2255 petition will be DENIED.

**II.     The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

A § 2255 motion is neither a substitute for nor a recapitulation of a direct appeal. *Id*. As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). Additionally, aside from showing "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a § 2255 movant may alternatively pursue such errors after proving that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *Johnson v. Loftus*, 518

F.3d 453, 455–56 (7th Cir. 2008). This general rule does not apply to claims of ineffective assistance of counsel, which may be brought via § 2255 even if not pursued during a direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

III. **Appeal Waiver**

Collicott's plea contained an appeal waiver, and waived relief under § 2255 on any ground other than ineffective assistance of counsel ("IAC"). Waivers of direct and collateral review in plea agreements are generally enforceable. *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010); *Jones v. United States*, 167 F.3d 1142, 1144–45 (7th Cir. 1999). Nevertheless, because a plea agreement is a contract and generally governed by ordinary contract law principles, waivers contained in the agreements are unenforceable in some cases akin to those in which a contract would be unenforceable, such as when the government has materially breached the agreement, *see United States v. Quintero*, 618 F.3d 746, 750–52 (7th Cir. 2010), or the dispute falls outside the scope of the waiver, *Bridgeman v. U.S.*, 229 F.3d 589, 591 (7th Cir. 2000).

Though disputes over plea agreements are "usefully viewed through the lens of contract law," the Seventh Circuit has recognized that the application of ordinary contract law principles to plea agreements, "must be tempered by recognition of limits that the Constitution places on the criminal process, limits that have no direct counterparts in the sphere of private contracting." *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). For example, "while a contracting party is bound by the mistakes of his lawyer, however egregious (his only remedy being a suit for malpractice), the Constitution entitles defendants entering plea agreements to effective assistance of counsel." *Id*. at 637. Courts therefore repeatedly recognized that appellate and collateral review waivers cannot be invoked against claims that counsel was ineffective in the negotiation of the plea agreement. *United States v. Jemison*, 237 F.3d 911, 916 n. 8 (7th Cir. 2001); *United States v. Hodges*, 259 F.3d 655, 659 n. 3 (7th Cir. 2001); *Bridgeman*, 229 F.3d at 591.

Turning to Defendant's waiver, his plea waived both his right to a direct appeal and his right to collaterally attack his sentence on any grounds other than IAC. The Court finds no basis to find the waiver ineffective. Collicott does not complain about his attorney's negotiation of the plea agreement or the drafting of it. Nor does Defendant ever claim that the plea was anything but knowingly and voluntarily made – a claim he would be hard-pressed to succeed on given his affirmative representations in response to the Court's inquiries at the change of plea hearing. The Court, then, finds that the waiver is effective here, and bars Grounds 1 and 2.

### IV.   Defendant has Failed to Establish IAC

As for Ground 3, Defendant's motion fails on the merits. To make out a successful ineffective assistance of counsel claim, Defendant must show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 688-94 (1984).

> With regard to the performance prong, [the] defendant must direct us to the specific acts or omissions which form the basis of his claim. The court must then determine whether, in light of all the circumstances, the alleged acts or omissions were outside the wide range of professionally competent assistance.

*United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). Moreover, claims that an attorney was ineffective necessarily involve inquiries into an attorney's trial strategies, which in turn requires facts which usually are not contained in the trial record. Thus, many trial determinations, like so many "other decisions that an attorney must make in the course of representation[, are] a matter of professional judgment." *United States v. Berkowitz*, 927 F.2d 1376, 1382 (7th Cir. 1991). Thus, the Court must resist a natural temptation to become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

> It is not our task to call the plays as we think they should have been called. On the contrary, we must seek to evaluate the conduct from counsel's perspective at the time, and must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.

*United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir. 1991) (citations and quotations omitted).

Should the petitioner satisfy the performance prong, he must then fulfill the prejudice prong by demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Starnes*, 14 F.3d 1207, 1209-10 (7th Cir. 1994). "In making the determination whether the specified errors resulted in the required prejudice, a court should presume . . . that the judge or jury acted according to law." *Strickland*, 466 U.S. at 694.

Defendant's claims of IAC are based mostly on his erroneous belief that under the First Step Act, his charges for possession of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) were illegally "stacked." He further believes that his conviction on Count 6 was impermissibly based on an attempted Hobbs Act robbery. *See United States v. Taylor*, 142 S. Ct. 2015, 2020-21 (2022) (concluding an attempted Hobbs Act robbery was not a "crime of violence" for purposes of § 924(c) because it did not have as an element the "use, attempted use, or threatened use of physical force" against the person or property of another). He asserts that his counsel should have argued these issues at sentencing.

Before the passage of the First Step Act, § 924(c) imposed mandatory minimum sentences for using or carrying a firearm in connection with a crime of violence, which included a 25-year mandatory minimum sentence for a "second or subsequent" conviction. A conviction was treated as "second or subsequent" even if the first § 924(c) conviction was obtained in the same case. *See United States v. Thacker*, 4 F.4th 569, 571 (7th Cir. 2021). This practice was known as "stacking".

Under the First Step Act, the 25-year minimum applies only if the "second or subsequent" conviction occurs after the first conviction has become final. *Id.*

Collicott's sentence under § 924(c) was not a product of the now-repealed 25-year minimum for second or subsequent offenses. Instead, Collicott benefitted by the change in the law as each of his three § 924(c) convictions resulted in a mandatory minimum sentence of seven years of imprisonment. Although the three sentences were imposed consecutively, as required by the statute, *see* 18 U.S.C. §§ 924(c)(1)(A)(ii) & (D)(ii), he did not face a 25-year minimum on the second or third §924 convictions because all of his §924(c) convictions arose from the same case. So his three § 924(c) convictions resulted in a minimum of 21 years of imprisonment, rather than a massively higher sentence. And, contrary to Collicott's opinion, no argument by counsel would have changed the consecutive nature of his three §924(c) convictions – the statute required them to run consecutively. Counsel is not ineffective for omitting a frivolous argument.

As for his position that his Count 6 conviction was impermissibly based on an attempted Hobbs Act robbery and not a completed one, there is no factual or legal basis to support this contention. Collicott believes that his theft of two lighters from the gas station after the clerk fled (following Collicott's brandishing a firearm) wasn't enough to show a completed robbery. But Collicott pled guilty in Count 6 to brandishing a firearm during and in relation to a Hobbs Act robbery, not an attempted robbery. Collicott has cited no cases that support his contention that a "de minimis" theft or a "de minimus" impact on commerce precludes a completed Hobbs Act robbery. Rather, the Seventh Circuit has repeatedly rejected commerce clause challenges to the Hobbs Act, holding that only a *de minimis* effect on commerce need be shown. *United States v. Carr*, 652 F.3d 811, 813 (7th Cir. 2011).

Further, at the time of his guilty plea, *Taylor* had not been decided or even argued to the Supreme Court.[1] The controlling Seventh Circuit precedent was *United States v. Ingram*, 947 F.3d 1021, 1026 (7th Cir. 2020), which held that attempted Hobbs Act robbery could be a predicate offense for a §924(c) offense.

Collicott seemingly argues that his counsel was ineffective for lack of foresight. While an attorney is not required to anticipate every change in the law, *Kirklin v. United States*, 883 F.3d 993, 997 (7th Cir. 2018), he can be required to make, or at least evaluate whether to make, an argument that is sufficiently foreshadowed by precedent existing at that time. *Bridges v. United States*, 991 F.3d 793, 804 (7th Cir. 2021). In situations where "the building blocks for a successful legal argument were already in place," effective counsel would have considered the question, and whether to present an argument. *Id.* at 797–98.

At the time Collicott entered into his plea agreement, *Taylor* had not yet been decided by the Supreme Court and existing Seventh Circuit precedent held that any Hobbs Act robbery – attempted or completed – properly supported a §924(c) charge. Even at the time of sentencing this law had not changed. And the Court isn't convinced that the facts of the case "jump off the page" to suggest that Collicott did not complete the robbery because he "only" took two items. Certainly, his conduct caused more than a "de minimis" interference with commerce when the clerk fled their post in fear after being threatened with a gun. The Court cannot fault counsel for failing to raise the issue when neither existing circuit precedent nor the facts of the case compel such an argument. Counsel was not ineffective.

V.     **Denial of certificate of appealability**

---

[1] Cert was granted from the Fourth Circuit's decision on July 2, 2021. Collicott pleaded guilty on September 23, 2021.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Collicott has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

## VI.   Conclusion

For the above reasons, Defendant's motion to vacate or correct sentence (ECF No. 237) is DENIED. No certificate of appealability will issue.

SO ORDERED on January 23, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT